49 N.J. Super. 603 (1958)
141 A.2d 66
YARA ENGINEERING CORPORATION, A CORPORATION OF THE STATE OF NEW JERSEY, PLAINTIFF-APPELLANT,
v.
NEW JERSEY TURNPIKE AUTHORITY, A BODY CORPORATE AND POLITIC OF THE STATE OF NEW JERSEY, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued April 28, 1958.
Decided May 1, 1958.
Before Judges GOLDMANN, FREUND and CONFORD.
*604 Mr. Emanuel Wagner argued the cause for appellant.
Mr. Arthur L. Troast argued the cause for respondent (Messrs. McCarter, English & Studer, attorneys; Mr. Ward J. Herbert, of counsel).
Messrs. McGlynn, Stein & McGlynn (Mr. Edward R. McGlynn, of counsel) filed a brief amicus curiae on behalf of Central Railroad Co. of N.J., Edward J. Grassman and Union Foundation.
GOLDMANN, S.J.R.D.
Plaintiff appeals from a summary judgment entered by the Law Division in defendant's favor determining that defendant held title to the bed of Price's Creek in Elizabeth, New Jersey. The issue presented on this appeal is precisely that decided by this court in Schultz v. Wilson, 44 N.J. Super. 591 (App. Div. 1957), certification denied 24 N.J. 546 (1957).
Price's Creek flows into the Elizabeth River and lies entirely within a 12.9-acre tract of land acquired by plaintiff in 1942 and lying between the high water line of the river and Baltic Street, Elizabeth. Its deed was expressly made subject to any outstanding rights of the State of New Jersey in the river and the creek. In 1949 plaintiff agreed to sell its tract to the State for $49,372, except for the bed of the creek, it being understood that plaintiff claimed title thereto and that the State claimed it was owner because the creek was tide-flowed. It was agreed that if plaintiff established its ownership, the State would pay it an additional $2,316. Plaintiff thereafter conveyed the tract to the State except for the creek. The next year the State, which had acquired the tract for use in connection with a contemplated state highway, transferred ownership to defendant for the purpose of the New Jersey Turnpike. Defendant took possession, filled in the creek and erected a bridge over it. In June 1955 the Council of the Division of Planning and Development in the State Department of Conservation and Economic Development conveyed the entire bed of the creek *605 to defendant, and it is under this conveyance that defendant claims ownership of the bed.
Plaintiff instituted the instant action by complaint in October 1956 seeking a declaratory judgment that plaintiff's title to the creek bed was good as against defendant; and payment of $2,316 for the creek in accordance with its 1949 agreement with the State or, in the alternative, an equitable condemnation or a legal condemnation. Defendant filed an answer claiming ownership of the bed and thereafter moved for summary judgment.
During the pendency of the action the case of Schultz v. Wilson was argued before this court and an opinion rendered therein on April 26, 1957 (44 N.J. Super. 591) that state ownership of submerged lands is to be determined by tidal ebb and flow alone. Based upon a stipulation between the parties, a consent order was thereafter entered in this action reciting a pending application for certification of the Schultz decision to our Supreme Court, and that in the event the Supreme Court denied certification or affirmed the Schultz decision defendant would be entitled to summary judgment with respect to all the lands with the exception of 100 feet of Price's Creek extending from Baltic Street, plaintiff's right of appeal from such summary judgment being expressly reserved. The Supreme Court denied certification, 24 N.J. 546. The order for summary judgment against plaintiff as to all of the bed of Price's Creek with the exception of the first 100 feet extending from Baltic Street toward the Elizabeth River was then entered, subject to plaintiff's right of appeal.
It is represented to us that the width of the creek varies from 12 feet where it joins the Elizabeth River to 8 feet at its head; that at high tide its depth varies from 4 1/2 feet to no water at a point about 100 feet from Baltic Street, and that at low tide there is no water in the creek except for fresh water drained from higher ground at the head of the creek. The complaint alleges that the creek is not a navigable stream or suitable or used for fishery, and this must be taken as true in light of defendant's motion *606 for summary judgment. Plaintiff recognizes that the State claims ownership of lands within the boundaries of the creek ordinarily flowed by tide water by reasons of its succession to the rights of the English Crown following the American Revolution. However, it denies such ownership, claiming that ownership in the State can arise "only from a public trust under which it may hold for the public in common such lands under tide water which are capable of use by the public for fishery and commercial navigation and that such trust is not applicable to a small creek such as is described herein, lying entirely within the bounds of a parcel of land in one ownership." Since Price's Creek is not a navigable stream or suitable or used for fishery, it is plaintiff's claim that there is no foundation upon which to erect a public trust and therefore no title in the State.
Certification of this appeal having been denied recently by the Supreme Court, we are asked to reconsider our holding in Schultz v. Wilson, above, 44 N.J. Super. 591, certification denied 24 N.J. 546, which determination was recently approved by the Supreme Court in Baker v. Normanoch Ass'n, Inc., 25 N.J. 407, 414 (1957). All the arguments made on this appeal were fully considered by us in the Schultz case, as were all the cases cited and analyzed by plaintiff, including Martin v. Waddell's Lessee, 16 Pet. 367, 41 U.S. 367, 10 L.Ed. 997 (1842), reprinted in 18 N.J.L. 495, upon which plaintiff puts considerable stress. In Schultz we specifically rejected the navigability test and held that the test to be followed in determining state sovereignty over submerged lands in New Jersey was the tidal test only, i.e., whether the waters were affected by the ebb and flow of the tide. We adhere to that decision.
The summary judgment is affirmed.